## Commonwealth v. Hicks et ux.

*Justice of the peace—Assault and battery—Full hearing and investigation —Act of May 27, 1919.*

In a prosecution before a justice of the peace for assault and battery, the justice is required, under the Act of May 27, 1919, P. L. 306, to enter into a full hearing and investigation of the facts; if he fails to do so, and his transcript shows that he only heard the witnesses for the Commonwealth, and no witnesses for the defendant, the proceedings will be quashed.

Motion to quash information and transcript. Q. S. Columbia Co., Sept. Sess., 1926, No. 11.

*Harry R. Stees*, District Attorney, *E. J. Mullen* and *A. W. Duy*, for Commonwealth.

*R. S. Hemingway* and *J. A. Cryder*, for defendants.

EVANS, P. J., Nov. 1, 1926.—The information upon which the defendants were arrested in this case reads as follows:

"Before me, the subscriber, one of the Justices of the Peace in and for said County of Columbia, personally came Margaret R. Geisinger, of the Township of Scott, said County and State, who, upon her solemn oath according to law, deposeth and saith that William Hicks and Mame Hicks, of the said Township of Scott, did, on the twelfth day of May, A. D. 1926, in the Township of Scott and in the County aforesaid, commit an assault and battery upon the deponent, Margaret R. Geisinger, and her, the said Margaret R. Geisinger, then and there did strike, beat, wound and otherwise ill-treat, contrary to the Act of Assembly in such case made and provided."

And the transcript returned by the justice of the peace reads as follows:

"Defendant charged with Assault and Battery that on or about the 12th day of May, 1926, did commit an assault and battery upon the deponent and then and there did strike, beat, wound and otherwise ill-treat. And now, May 19, 1926, Defts. brought up by officer Zaner and given a hearing. Mrs. Geisinger sworn; testified she is 45 years of age. That William Hicks took hold of her arm, bent her backwards, hurting her back, and that Mame Hicks slapped her in the face. That Mame Hicks told her husband to knock her down. Delia Geisinger sworn; testified that William Hicks had a hold of Mrs. Geisinger and bent her backward, hurting her back, and that Mame Hicks had slapped Mrs. Geisinger in the face. Dr. I. R. Wolfe sworn; testi-

Commonwealth *v.* Hicks et ux.

fied he was called to treat Mrs. Geisinger; had found her very much under the influence of shock and a mark on her arm, due to a violent attack. That she had been under treatment for several days. Defts. enter pleas of not guilty.

"After hearing, defendants each required to give bail in the sum of $300.00, conditioned for their appearance at the next term of Court."

The reasons assigned for quashing the information and transcript are:

"1. That the transcript returned by the justice of the peace in this case does not conform with the Act of Assembly of May 27, 1919, P. L. 306.

"2. That the justice did not enter into a full hearing and investigation of the facts charged before binding the defendants over to the Court of Quarter Sessions.

"3. That the justice did not find that the prosecution was reasonably well founded, or that he was so satisfied from the evidence before he bound over the defendants to the Court of Quarter Sessions.

"4. That the transcript is not self-sustaining.

"5. That the defendants are ready to verify the averments contained in the above reasons in support of the motion to quash by clear, satisfactory legal proofs."

The motion to quash is based on section 1 of the Act of May 27, 1919, P. L. 306, which reads as follows:

"Section 1. Be it enacted, &c., That in all cases of prosecutions for assault or assault and battery, the alderman, justice of the peace or magistrate before whom such case is instituted shall, before he binds any person so charged over to the Court of Quarter Sessions upon the oath of any complainant, enter into a full hearing and investigation of the facts charged, and shall only bind over the defendant to the said court when he is satisfied from the evidence that the prosecution is reasonably well-founded."

The most casual reading of the information and transcript discloses:

1. That the defendants were charged with assault and battery.

2. That the justice before whom the hearing was had did not enter into a full hearing and investigation of the facts charged, and that he was [not] satisfied from the evidence that the prosecution was reasonably well-founded before binding the defendants over to answer at the next term of court.

Section 1 of the Act of May 14, 1915, P. L. 499, makes a similar requirement. Section 1 of that act reads as follows:

"Section 1. Be it enacted, &c., That hereafter, upon a preliminary hearing before a magistrate for the purpose of determining whether a person charged with any crime or misdemeanor against the laws, except murder, manslaughter, arson, rape, mayhem, sodemy, buggery, robbery or burglary, ought to be committed for trial, the person accused, and all persons on behalf of the person accused, shall be heard if the person accused shall so demand."

We think it clearly appears from both the information and transcript that the defendants are charged with having committed an assault and battery. That is the only crime imputed to the defendants. The defendants are not charged with the more serious crime of aggravated assault and battery.

President Judge Copeland, of Westmoreland County, in Com. *v.* Kastonovich, 16 Del. Co. Reps. 136, 140, says:

"It is apparent from the reading of the Act of 1919, *supra*, that that act makes it mandatory upon the justice of the peace to go into a full hearing and investigation of the facts charged before he binds a defendant over to court; and the Act of 1915, *supra*, requires a full hearing when demanded by the parties accused. The record in this case shows that the justice of the

peace only heard witnesses for the Commonwealth, and that no witnesses were heard for the defendants. So it is clearly established that the justice did not have a full hearing and investigation, as required by law, before he held the defendants for court, and it equally clearly appears that the defendants are not properly in court. Both of the acts cited, where the defendant appears with his witnesses and demand is made for a hearing, limit the right of a justice of the peace to bind over a defendant only when a full hearing and investigation is had of the charges and the justice is satisfied that the prosecution is well-founded. A full hearing and investigation mean a hearing of the witnesses of the Commonwealth and of the defendant. It cannot mean anything else.

"The record of a justice of the peace, since the passage of these acts, must show affirmatively that the defendant did not appear, or, if he did appear, that he and his witnesses were heard. The record of the justice in this case does not show that the defendants either were or were not present, and this, in our opinion, is fatal to the right to bind over the defendants for hearing in the Quarter Sessions Court."

In the case of Com. v. Maineri, 21 Luzerne Legal Reg. Rep. 107, it was said by Judge Strauss:

"This is a mandatory requirement imposed upon all justices and aldermen in prosecutions of assault and was undoubtedly intended by the legislature to relieve the courts from many trifling prosecutions. It is not within the power of either the prosecutor or the defendant to waive this requirement. It is the duty of the alderman to obey the law and to send no case to court until he is satisfied from the evidence that the prosecution is reasonably well-founded.

"It has been suggested by the district attorney that in the case before us the defendant voluntarily waived the hearing and entered bail. The statute, however, is not to be set aside because the defendant is willing. We are of the opinion, therefore, that this case having been sent into court without such preliminary hearing is here prematurely and that the indictment should be quashed.

"The Act of 1919 must be limited to the purposes plainly indicated upon its face for its enactment, and should be so construed as not to impair any rights which the defendant now has, including the right to waive a hearing and to enter bail at once if he sees fit. Notwithstanding the defendant may thus waive the hearing and enter bail at once, the statute specifically imposed upon the justice the duty of having a hearing in assault and battery cases, whereby the justice may, as the result of such hearing, come to the conclusion that the case does not warrant prosecution and may dismiss it and discharge the defendant and, as a necessary consequence, the bail. Indictment quashed."

In Com. v. Mellott, 69 Pitts. L. J. 210 (30 Dist. R. 164), it was said by Judge McPherson: "The return of the justice does not show on its face a compliance with the provisions of the Act of May 27, 1919, P. L. 306, namely, that he entered into a full hearing and investigation of the facts charged and he found the prosecution reasonably well-founded. The Act of 1919 limits the right of the justice of the peace to bind over the defendant only when, after such full hearing, he is satisfied the prosecution is well-founded. Full hearing and investigation means a hearing of both the Commonwealth's and defendant's evidence. It is our judgment that the record of the justice's return must on its face show affirmatively that the limitation to his right to bind over provided by this act does not exist in that particular case. Defendant discharged."

Commonwealth *v.* Hicks et ux.

In Com. *v.* Kastonovich, 16 Del. Co. Reps. 138, the motion in arrest of judgment came after the trial and conviction of the defendant. It was not even then too late to raise the objection that there had not been a full hearing and investigation of the facts charged before binding the defendant over to answer at the next term of court.

In the light of these authorities, the exceptions should be sustained.

And now, Nov. 1, 1926, the exceptions are sustained and the motion to quash the information and transcript is allowed. Defendants discharged.

From R. S. Hemingway, Bloomsburg, Pa.